## UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| Deborah S. Hunt<br>Clerk | 100 EAST FIFTH STREET, ROOM 540<br>POTTER STEWART U.S. COURTHOUSE<br>CINCINNATI, OHIO 45202-3988 | Tel. (513) 564-7000<br>www.ca6.uscourts.gov |

Filed: February 15, 2022

Mr. Donald Daniels
Office of the U.S. Attorney
Department of Justice
P.O. Box 208
Grand Rapids, MI 49501

Ms. Valentine Cole Darker
Darker Law
1470 Monroe Avenue
Memphis, TN 38017

Re: Case No. 21-1014, *USA v. Francisco Monreal-Hernandez*
Originating Case No. 1:20-cr-00126-1

Dear Counsel,

The Court issued the enclosed Order today in this case.

Sincerely,

s/Jennifer A. Strobel
Case Manager
Direct Dial No. 513-564-7019

cc: Mr. Thomas Dorwin

Enclosure

Mandate to issue

**NOT RECOMMENDED FOR PUBLICATION**

No. 21-1014

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Feb 15, 2022
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff-Appellee, ) | |
| ) | ON APPEAL FROM THE UNITED |
| v. ) | STATES DISTRICT COURT FOR |
| ) | THE WESTERN DISTRICT OF |
| FRANCISCO GERARDO MONREAL- ) | MICHIGAN |
| HERNANDEZ, ) | |
| ) | |
| Defendant-Appellant. ) | |

O R D E R

Before: GUY, SUHRHEINRICH, and MOORE, Circuit Judges.

Francisco Gerardo Monreal-Hernandez, a federal prisoner and Mexican citizen, appeals a criminal judgment against him for illegal reentry by an alien removed after a felony conviction, in violation of 8 U.S.C. § 1326(a), (b)(1). The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed. *See* Fed. R. App. P. 34(a).

Monreal-Hernandez pleaded guilty to the above charge without a plea agreement. He consented to entering his plea before a magistrate judge, who recommended acceptance of the guilty plea. In the absence of objections from the parties, the district court did so.

The presentence report calculated Monreal-Hernandez's total offense level as thirteen, which included enhancements for committing the instant offense after prior felony convictions for an illegal reentry offense and a felony conviction for a non-reentry offense prior to his first removal. *See* USSG § 2L1.2(b)(1)(A), (b)(2)(D). The intersection of his offense level and his criminal history category of IV yielded a sentencing guidelines range of 24 to 30 months in prison. Neither party filed objections.

The district court sentenced Monreal-Hernandez to twenty-eight months in prison with no term of supervised release.  When asked if there were any legal objections to the sentence announced, the parties indicated that there were none.

On appeal, Monreal-Hernandez argues that (1) his statute of conviction violates the guarantee of equal protection, (2) § 2L1.2(b) violates the guarantees of due process and equal protection because it caused the double-counting of his convictions based on immigration status, and (3) the district court erred by failing to consider cultural assimilation as a basis for a downward departure, and trial counsel rendered ineffective assistance by failing to move for a downward departure due to cultural assimilation.  The government and Monreal-Hernandez agree that these issues should be reviewed for plain error because they were not raised below.

Monreal-Hernandez first argues that § 1326 violates the guarantee of equal protection, as discussed in *Village of Arlington Heights v. Metropolitan Housing Development Corporation*, 429 U.S. 252, 265-68 (1977), because the statute was enacted with the discriminatory intent of disparately impacting a disfavored group, i.e., Mexican citizens.  To establish discriminatory intent and impact and the failure of recodification of the legislation to purge the racial animus, he relies primarily on an amicus brief[1] submitted in *United States v. Palomar-Santiago*, 141 S. Ct. 1615 (2021).

When a defendant fails to challenge the constitutionality of the statute of conviction during district court proceedings, we review the argument for plain error.  *See* Fed. R. Crim. P. 52(b); *United States v. Al-Maliki*, 787 F.3d 784, 791 (6th Cir. 2015).  The defendant has the burden of establishing an error that is plain, affects his substantial rights, and had a "serious effect on 'the fairness, integrity or public reputation of judicial proceedings.'"  *Greer v. United States*, 141 S. Ct. 2090, 2096-97 (2021) (quoting *Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1905 (2018)).  An error is plain when it is "clear under current law," *United States v. Olano*, 507 U.S. 725, 734 (1993), either at the time of the trial or the appeal, *Henderson v.*

---

[1] The brief is available at https://www.supremecourt.gov/DocketPDF/20/20-437/173626/20210331173526991_20-437%20Amici%20Brief.pdf.

*United States*, 568 U.S. 266, 279 (2013). "A lack of binding case law . . . preclude[s] our finding of plain error." *Al-Maliki*, 787 F.3d at 794.

The possibly discriminatory intent of Congress in enacting § 1326 is not plain under current law. Despite the amicus brief in *Palomar-Santiago*, the Supreme Court did not mention the issue in its decision. Furthermore, no circuit court has addressed the issue and declared § 1326 unconstitutional. And the district courts that have addressed the issue have concluded in unpublished decisions that the statute is constitutional. *See, e.g.*, *United States v. Rivera-Sereno*, No. 2:21-cr-129, 2021 WL 5630728, at *3-5 (S.D. Ohio Dec. 1, 2021); *United States v. Wence*, No. 3:20-cr-0027, 2021 WL 2463567, at *10 (D.V.I. June 16, 2021); *United States v. Gutierrez-Barba*, No. CR-19-01224-001-PHX-DJH, 2021 WL 2138801, at *5 (D. Ariz. May 25, 2021) (order). The lack of binding case law regarding the constitutionality of § 1326 precludes a finding of plain error.

Monreal-Hernandez next challenges his sentence. Generally, we review a district court's sentencing decision for procedural and substantive reasonableness under an abuse-of-discretion standard. *United States v. Cunningham*, 669 F.3d 723, 728 (6th Cir. 2012). But when a defendant failed to raise a procedural objection to his sentence despite the district court's proper inquiry into whether there were any objections that were not previously raised, we review only for plain error. *United States v. Vonner*, 516 F.3d 382, 385–86 (6th Cir. 2008) (en banc); *United States v. Bostic*, 371 F.3d 865, 872-73 (6th Cir. 2004).

Procedural reasonableness requires the court to "properly calculate the guidelines range, treat that range as advisory, consider the sentencing factors in 18 U.S.C. § 3553(a), refrain from considering impermissible factors, select the sentence based on facts that are not clearly erroneous, and adequately explain why it chose the sentence." *United States v. Rayyan*, 885 F.3d 436, 440 (6th Cir. 2018) (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)).

Substantive reasonableness focuses on whether a "sentence is too long (if a defendant appeals) or too short (if the government appeals)." *Id.* at 442. A claim of substantive unreasonableness is "a complaint that the court placed too much weight on some of the § 3553(a) factors and too little on others in sentencing the individual." *Id.*

Monreal-Hernandez argues that § 2L1.2(b) violates the guarantees of due process and equal protection because it causes the double-counting of convictions in sentencing guidelines calculations based on immigration status and thereby subjects non-citizens to more severe punishment.  Specifically, he notes that he received criminal history points for his 2014 conviction for alien felon reentry and his 2016 conviction for entry after deportation, and the convictions were also the basis for an offense-level enhancement for committing the instant offense after sustaining a conviction for a felony illegal reentry offense.  *See* USSG §§ 2L1.2(b)(1)(A), 4A1.1.  Likewise, he received criminal history points for a conviction for possession of a controlled substance, and the conviction was also the basis for an offense-level enhancement for committing a non-reentry felony offense before his first deportation or removal.  *See* USSG §§ 2L1.2(b)(2)(D), 4A1.1.

The use of Monreal-Hernandez's convictions to determine his offense level and criminal history category did not constitute impermissible double-counting.  The sentencing guidelines provide that convictions taken into account under § 2L1.2(b) may be assessed criminal history points because the offense level and criminal history category measure different things.  *See* USSG § 2L1.2, comment. (n.3); *United States v. Hernandez-Fierros*, 453 F.3d 309, 312 (6th Cir. 2006) (citing former version of § 2L1.2); *United States v. Mora-Olivares*, 68 F. App'x 696, 697 (6th Cir. 2003).  "The offense level represents a judgment as to the wrongfulness of the particular act. The criminal history category principally estimates the likelihood of recidivism."  *Mora-Olivares*, 68 F. App'x at 697 (quoting *United States v. Crace*, 207 F.3d 833, 838 (6th Cir. 2000)).

Furthermore, it is not plain under current law that Monreal-Hernandez was denied equal protection or due process of the law by the counting of his convictions under both § 2L1.2(b) and § 4A1.1.  Monreal-Hernandez fails to cite circuit law on point.  Moreover, in a case involving the application of § 2L1.2(b)(2) and (3), the Eleventh Circuit held that the counting of convictions under both § 2L1.2(b) and § 4A1.1 did not deny a defendant either equal protection or due process of the law and that the defendant's sentence therefore was neither procedurally nor substantively unreasonable.  *United States v. Osorto*, 995 F.3d 801, 823-24 (11th Cir. 2021).

Monreal-Hernandez next argues that the district court erred by failing to consider cultural assimilation as a basis for a downward departure pursuant to the commentary to § 2L1.2 because 18 U.S.C. § 3553(a)(5) requires a district court to consider pertinent policy statements. He further argues that trial counsel rendered ineffective assistance by failing to move for a downward departure due to cultural assimilation.

> The relevant commentary, which became part of the guidelines in 2010, provides:
>
> There may be cases in which a downward departure may be appropriate on the basis of cultural assimilation. Such a departure should be considered only in cases where (A) the defendant formed cultural ties primarily with the United States from having resided continuously in the United States from childhood, (B) those cultural ties provided the primary motivation for the defendant's illegal reentry or continued presence in the United States, and (C) such a departure is not likely to increase the risk to the public from further crimes of the defendant.
>
> In determining whether such a departure is appropriate, the court should consider, among other things, (1) the age in childhood at which the defendant began residing continuously in the United States, (2) whether and for how long the defendant attended school in the United States, (3) the duration of the defendant's continued residence in the United States, (4) the duration of the defendant's presence outside the United States, (5) the nature and extent of the defendant's familial and cultural ties inside the United States, and the nature and extent of such ties outside the United States, (6) the seriousness of the defendant's criminal history, and (7) whether the defendant engaged in additional criminal activity after illegally reentering the United States.

USSG § 2L1.2, comment. (n.8).

The district court did not abuse its discretion by failing to consider sua sponte a downward departure for cultural assimilation. Section 3553(a) did not obligate the district court to do so because Monreal-Hernandez refers to a guidelines application note instead of a policy statement. In any event, the district court considered the factors listed in the note, and the factors, as a whole, weigh against him. He came to the United States when he was fifteen years of age, rather than as a young child. *See United States v. Valles-Renteria*, 447 F. App'x 714, 716-17 (6th Cir. 2012) (upholding denial of departure where the district court observed that the defendant had entered in 2004 at the age of twelve, unlike persons who entered as young children with little connection to their native country). Although he graduated from high school

in the United States, his residency was interrupted by his deportation in 2011. As stated in the commentary, a downward departure is appropriate only if there has been continuous residence.

Additionally, Monreal-Hernandez has familial and cultural ties to both the United States and Mexico. While in Mexico in 2011, he married his wife in an unsuccessful attempt to obtain a green card. At an unspecified time, his wife returned to the United States. He also returned and was deported in 2017. His last reentry was motivated by a desire to care for his daughter and obtain a divorce, but his wife would not let him see his daughter. He indicated at sentencing that the rest of his family was in Mexico and that he would like to return and stay there because his mother needs help. Finally, his criminal history consists of the controlled-substance conviction prior to his first deportation, two prior convictions for alien reentry, and misdemeanor driving convictions, including one for operating while intoxicated. The operating-while-intoxicated conviction as well as two other misdemeanors occurred after his first deportation. Therefore, the factors in the commentary weigh against a downward departure due to cultural assimilation.

Finally, although claims of ineffective assistance of counsel are disfavored on direct appeal and are more appropriately brought by filing a § 2255 motion, the record in this case is adequate to review the claim on direct appeal. *See Massaro v. United States*, 538 U.S. 500, 504-07 (2003); *United States v. Williams*, 753 F.3d 626, 636 (6th Cir. 2014); *see also United States v. Pryor*, 842 F. App'x 1023, 1024 (6th Cir. 2021) (per curiam). We conclude that counsel did not render ineffective assistance by failing to move for a downward departure due to cultural assimilation because Monreal-Hernandez was not eligible for a departure for the reasons discussed above. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Davis v. Straub*, 430 F.3d 281, 290-91 (6th Cir. 2005).

No. 21-1014
- 7 -

Accordingly, we **AFFIRM** the district court's judgment.

                         ENTERED BY ORDER OF THE COURT

                         Deborah S. Hunt, Clerk